# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL EDWARD CLARK,                )
                                     )
        Petitioner,                 )  2:09-cv-1428-RLH-GWF
                                     )
vs.                                  )  **ORDER**
                                     )
DIRECTOR OF NEVADA                   )
DEPARTMENT OF CORRECTIONS,           )
*et al.*,                            )
                                     )
        Respondents.                )
_____ /

        This is a petition for writ of habeas corpus in which petitioner, a state prisoner, is proceeding *pro se*. Pending before the court is respondents' motion to dismiss.

## PROCEDURAL HISTORY

        On December 24, 2007, the Eighth Judicial District Court of the State of Nevada entered a judgment of conviction against petitioner. Exhibit 50. A jury found petitioner guilty of the crimes of conspiracy to violate the controlled substance act, sale of a controlled substance (cocaine), and possession of a controlled substance with intent to sell (cocaine). *Id*. The trial court sentenced

petitioner to a minimum term of twenty-four months and a maximum of sixty months on the conspiracy count, thirty-two months to seventy-two months on the sale count, and nineteen months to forty-eight months on the possession with intent to sell count. *Id*. All terms were imposed to run concurrently. *Id.*

On January 9, 2008, petitioner filed his notice of direct appeal. Exhibit 51. The Nevada Supreme Court affirmed petitioner's conviction on April 8, 2009. Exhibit 72. Remittitur issued on May 5, 2009. Exhibit 75.

Petitioner did not file a petition for writ of habeas corpus in any Nevada court. The present petition for writ of habeas corpus was received by this court on August 3, 2010. (Docket #1.) The petition contains four grounds for relief. (*Id*.) Respondents filed the motion to dismiss now pending before the court on February 8, 2010. (Docket #14.) On February 26, 2010, petitioner filed a motion to strike respondents' motion to dismiss. (Docket #19.) Respondents filed a reply on March 8, 2010, (Docket #20) and petitioner filed a motion for sanctions and copies on May 6, 2010. (Docket #21.)

## LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

Federal habeas corpus rules require that a petition shall "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts. Notice pleading is insufficient for a habeas corpus petition, as it must point to a real possibility of constitutional error. Rule 4, Rules Governing Section 2254 (Advisory Notes, adopted 1976.)

## DISCUSSION

In his first ground for relief, petitioner alleges that the trial court's failure to appoint stand-by counsel violated his sixth amendment right to counsel and fifth and fourteenth amendment right to due process. He also alleges that the court's refusal to appoint an investigator and setting of bail at $50,000 violated his fourteenth amendment right to due process and fifth amendment right to reasonable bail. Respondent moves to dismiss ground one of the petition on the ground that it fails to state a federal question and is conclusory, and also on the ground that it is unexhausted.[1]

---

[1] Because of the court's findings regarding the failure of ground one to state a claim for relief, the court finds it unnecessary to address the issue of exhaustion.

3

1	A criminal defendant who has chosen to represent himself has no constitutional right
2	to "hybrid" representation. *United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir. 1994).  The
3	Ninth Circuit has held that, "[a]dvisory counsel is generally used to describe the situation when a *pro*
4	*se* defendant is given technical assistance by an attorney in the courtroom, but the attorney does not
5	participate in the actual conduct of the trial." *Locks v. Sumner*, 703 F.2d 403, 406 (9th Cir. 1983),
6	*cert. den.,* 464 U.S. 933, 104 S.Ct. 338, 78 L.Ed.2d 307 (1983).  It further explained that when "co-
7	counsel" is appointed, "the attorney may participate directly in the trial proceedings with the
8	defendant (examining witnesses, objecting to evidence, etc.)." *Id*.  Finally, ""[s]tandby" counsel
9	refers to the situation where a pro se defendant is given the assistance of advisory counsel who may
10	take over the defense if for some reason the defendant becomes unable to continue." *Id*. at n. 3.
11	In the present case, petitioner contends that he because he was denied "standby
12	counsel" he was unable to: 1) obtain exculpatory videotape and witness evidence; 2) present an
13	entrapment defense; and 3) present evidence that an officer planted cocaine.  As respondents argue,
14	although petitioner has described his request as one for "standby counsel," his allegations show that
15	he wished to have counsel appointed in order to assist him with both trial preparation and trial
16	presentation.  Thus, the court must agree with respondents that petitioner's request is better described
17	as one for advisory counsel.  The Ninth Circuit has expressly held that no constitutional right to
18	advisory counsel exists, and that the appointment of such counsel rests with the sound discretion of
19	the court.  *Locks v. Sumner*, 703 F.2d at 408.  Accordingly, the court finds that petitioner's claims
20	based on the court's failure to appoint advisory counsel fail to state a federal claim cognizable in this
21	petition for writ of habeas corpus.
22	Petitioner also alleges that the denial of the appointment of an investigator violated his
23	constitutional rights.  An indigent defendant does not have a constitutional right to state-funded
24	investigative services absent a showing of need.  *Smith v. Enomoto*, 615 F.2d 1251, 1252 (9th Cir.
25	1980), *cert. den., Smith v. Director*, 449 U.S. 866, 101 S.Ct. 199, 66 L.Ed.2d 84 (1980).  In the
26

1 present case, petitioner alleges nothing beyond that he was held in jail during trial preparation to
2 demonstrate need for an investigator.  The Ninth Circuit has held such an allegation insufficient to
3 establish need. *Smith v. Enomoto*, 615 F.2d at 1252.  Thus, the court again finds that petitioner's
4 allegation does not state a federal claim cognizable in the present action.

5 Finally, petitioner contends that his fifth amendment right to reasonable bail was
6 violated.  The Ninth Circuit has held that a criminal defendant has no absolute right to bail. *Kelly v.*
7 *Springett*, 527 F.2d 1090 (9th Cir. 1975).  Petitioner argues that the bail was set at an amount outside
8 his reach, and argues that the bail was set without taking into account the factors set forth in NRS
9 178.498.  However, this state law argument cannot support a claim for relief in this federal habeas
10 corpus action, and bail is not excessive merely because a defendant cannot pay it. *White v. Wilson*,
11 399 F.2d 596, 598 (1968).  Petitioner's argument regarding the imposition of bail does not state a
12 federal claim.

13 In response to respondents' motion to dismiss, petitioner filed a document entitled,
14 "Motion to Strike DKT 14, Motion for Default or Case-dispositive Sanctions be imposed, Petitioner's
15 Opposition to Motion to Dismiss and A Request for Discovery." (Docket #19.)  Respondents filed a
16 reply on March 8, 2010.  (Docket #20.)

17 In his response to respondents' motion to dismiss, petitioner first argues that
18 respondents' motion to dismiss violates the court's order of October 14, 2009.  (Docket #4.)  In that
19 order, the court stated that, "[s]uccessive motions to dismiss will not be entertained." (*Id*.)  The
20 motion to dismiss currently before the court is the <u>first</u> motion to dismiss which respondents have
21 filed.  Thus, it is not a successive motion to dismiss.  The court therefore finds that petitioner's
22 argument is meritless.  Further, although petitioner claims that respondents were required to file an
23 answer, this is incorrect.  The court's order expressly directed respondents "to answer, <u>or otherwise</u>
24 <u>respond</u>, to the petition."  Thus, respondents were not required to file an answer.

25
26

5

1        The court finds petitioner's clam that respondents have defaulted similarly meritless.
2   Respondents have appeared in this action and timely responded to the petition.  There is no basis for
3   finding a default by respondents.  Thus, sanctions are entirely unwarranted.
4        Petitioner has not responded to the merits of respondents' motion.  Although he
5   discusses the standard for a motion for summary judgment, this discussion is irrelevant to the present
6   motion to dismiss.
7        Finally, petitioner requests discovery, speculating first that this will automatically
8   result in the appointment of counsel.  This is incorrect.  The granting of discovery does not
9   necessarily result in the appointment of counsel.  Further, unlike other civil litigation, a habeas corpus
10  petitioner is not entitled to broad discovery.  *Bracy v. Gramley*, 520 U.S. 899, 117 S.Ct. 1793, 1796-
11  97 (1997); *Harris v. Nelson*, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-89 (1969).  Although discovery
12  is available pursuant to Rule 6, it is only granted at the court's discretion, and upon a showing of good
13  cause.  *Bracy*, 117 S.Ct. 1793, 1797; *McDaniel v. United States Dist. Court (Jones)*, 127 F.3d 886,
14  888 (9th Cir. 1997); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules
15  Governing Section 2254.  The Advisory Committee Notes to Rule 6 of the Rules Governing Section
16  2254 Cases emphasize that Rule 6 was not intended to extend to habeas corpus petitioners, as a matter
17  of right, the Federal Rules of Civil Procedure's broad discovery provisions.  Rule 6, Advisory
18  Committee Notes (quoting *Harris*, 394 U.S. at295, 89 S.Ct. at 1089).   In this case, petitioner has
19  simply listed a number of documents, claiming that he needs to have them to show illegal
20  confinement.   Petitioner does not connect any particular document with any claim, does not explain
21  why they are necessary, and does not explain why this documents were not obtained in connection
22  with earlier proceedings.   The court therefore finds that petitioner has not shown the good cause
23  necessary to support his request for discovery.
24       On May 6, 2010, petitioner filed a motion for sanctions, claiming that he was not
25  served with a copy of respondents' reply to his response to the motion to dismiss.  (Docket #21.)  He
26

1  claims he was prejudiced thereby, because he did not have a chance to respond.  Respondents' reply is
2  accompanied by a certificate of service on petitioner, but the address is incorrect.  However, no
3  prejudice has been suffered to petitioner, because under the Federal Rules of Civil Procedure, he had
4  no right to respond to the reply.   Respondents will be directed to correct their records to reflect the
5  correct mailing address for petitioner.

7  **IT IS THEREFORE ORDERED** that respondents' motion to dismiss is GRANTED.
8  (Docket #14.)  Ground one is dismissed from this action with prejudice.
9  **IT IS FURTHER ORDERED** that petitioner's motion to strike is DENIED.  (Docket
10  #19.)
11  **IT IS FURTHER ORDERED** that petitioner's motion for sanctions and copies is
12  DENIED.  (Docket #21.)   Respondents are directed to correct their records so as to reflect
13  petitioner's address shown the this court's docket sheet.
14  **IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from
15  entry of this order within which to answer the remaining grounds for relief in the petition.  In their
16  answer respondents shall address any claims presented by petitioner in his petition as well as any
17  claims presented by petitioner in any Statement of Additional Claims.  Respondents shall comply with
18  the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts
19  under 28 U.S.C. §2254.  Petitioner shall have **forty-five (45) days** from the date of service of the
20  answer to file a reply.

23        DATED this 13th  day of May, 2010.

_____
UNITED STATES DISTRICT JUDGE

7