1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                              **DISTRICT OF NEVADA**

10

11  MICHAEL EDWARD CLARK,                    )
                                            )
12              Petitioner,                  )        2:09-cv-01428-RLH-GWF
                                            )
13  vs.                                      )
                                            )
14  DIRECTOR OF NEVADA DEPT.                 )        **ORDER**
    OF CORRECTIONS, *et al.,*                )
15                                           )
                                            )
16              Respondents.                 )
    _____/

17

18              This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which

19  petitioner, a state prisoner, is proceeding *pro se*.  On May 13, 2010, the court granted respondents'

    motion to dismiss ground one of the petition with prejudice (ECF #23).  Now before the court is
20
    respondents' answer to the remaining grounds in the petition (ECF #24).
21
    **I.  Procedural History and Background**
22
                On December 24, 2007, the Eighth Judicial District Court of the State of Nevada entered
23
    a judgment of conviction against petitioner (exhibits to motion to dismiss, ECF #14, ex. 50).[1]  A jury
24
    convicted petitioner of conspiracy to violate the controlled substance act, sale of a controlled substance
25

26        _____
                [1] All exhibits referenced in this order are exhibits to respondents' motion to dismiss (ECF #14)
          and may be found at ECF #s 15-16.

and possession of a controlled substance with intent to sell (ex. 50). Petitioner was sentenced to twenty-four to sixty months; thirty-two to seventy-two months; and nineteen to forty-eight months, all three to run concurrently (*id*.).

Petitioner filed a direct appeal, asserting, among other claims, that (1) he did not receive a speedy trial in violation of his Sixth Amendment rights; and (2) due to prosecutorial misconduct, petitioner was presented to the jury in prison-issued clothing and shackles (ex. 65). On April 8, 2009, the Nevada Supreme Court affirmed the conviction (ex. 72), and remittitur issued on May 5, 2009 (ex. 75). Petitioner did not file a state petition for a writ of habeas corpus.

Petitioner submitted this federal petition for writ of habeas corpus (ECF #1). He signed the petition under the penalty of perjury on July 10, 2009, and it was filed by the court on August 5, 2009. The petitioner sets forth three grounds for relief. The court granted respondents' motion to dismiss ground one for failure to state a federal claim for which relief may be granted (ECF #23).[2] Respondents have now answered grounds two and three of the federal petition (ECF #24). They argue that the Nevada Supreme Court's affirmance of the denial of the portions of petitioner's direct appeal that correspond to federal grounds two and three did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding (*id*.).

The court notes that while petitioner was incarcerated at the time he submitted his federal petition, he apparently is no longer incarcerated (*see* ECF #39). Federal habeas corpus law permits prisoners to challenge the validity of convictions for which they are "in custody." *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.ct. 1923 (1989) (*per curiam*); *Feldman v. Perrill*, 902 F.2d 1445, 1446 (9th Cir.1990). In order to satisfy the custody requirement, a petitioner must be in

---

[2] In ground one, petitioner alleged that the court failed to appoint standby counsel in violation of his Fifth, Sixth and Fourteenth Amendment rights, failed to appoint an investigator in violation of his Fourteenth Amendment rights, and set excessive bail in violation of his Fifth Amendment rights (ECF #1).

custody at the time the petition is filed in federal court.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Petitioner's release does not render his petition moot, however.  He challenges a criminal conviction,

and a wrongful criminal conviction is presumed to have continuing "collateral consequences" (*id.*).[3] *See*

*also Carafas v. LaVallee*, 391 U.S. 234, 237-238 (1968).

## II. Discussion

### A.    Legal Standard

### Antiterrorism and Effective Death Penalty Act

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act

(AEDPA), provides the legal standards for this court's consideration of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

These standards of review "reflect the ... general requirement that federal courts not

disturb state court determinations unless the state court has failed to follow the law as explicated by the

Supreme Court."  *Davis v. Kramer*, 167 F.3d 494, 500 (9th Cir. 1999).  Therefore, this court's ability

to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that

the state court's decision conflicts with [Supreme Court] precedents."  *Harrington v. Richter*, 562 U.S.

___, ___, 131 S.Ct. 770, 786 (2011).

A state court decision is contrary to clearly established Supreme Court precedent, within

the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set

---

[3] It is unclear whether petitioner has been released from custody altogether, or whether petitioner is on parole.  If petitioner is on parole, he is still in custody for the purposes of habeas corpus review.

forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell v. Cone*, 535 U.S. 685, 694 (2002).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Andrade*, 538 U.S. at 74 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to federal law, this court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). Further, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### B. Ground 2

Petitioner alleges the following: he invoked his right to be brought to trial within sixty days, but he was not tried within sixty days due to court overcrowding. His trial did not commence until five months after the information was filed, in violation of his Sixth Amendment rights (ECF #1 at 5).[4] Respondents argue that the Nevada Supreme Court reasonably applied clearly established federal law when it concluded that petitioner had failed to demonstrate any prejudice from the delay (ECF #24 at 8).

---

[4] The court notes that the record actually reflects that petitioner's trial began about five months after he was indicted and about seven months after the information was filed (*see* ex.'s 2, 5, 6, 40).

Whether petitioner's Sixth Amendment right to a speedy trial was violated is governed by *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  In *Barker*, the United States Supreme Court set forth a four-part test to evaluate post-indictment delay: (1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of the right to a speedy trial; and (4) the prejudice caused by the delay. *Id*.  The timely assertion of the right to a speedy trial itself does not warrant relief without considering other factors.  *U.S. v. Turner*, 926 F.2d 883, 889 (9th Cir. 1991).

Subsequently, in *Doggett*, the U.S. Supreme Court emphasized that the first *Barker* factor involves a two-step analysis.  *Doggett v. U.S.*, 505 U.S. 647, 651-652 (1992).  In order to trigger a speedy trial inquiry at all, an accused must show that the period between indictment and trial passes a threshold point of "presumptively prejudicial" delay.  *Id*.  If this threshold is not met, the court does not proceed with the *Barker* factors.  *Id*.  If, however, the threshold showing is made, the court considers the extent to which the delay exceeds the threshold point in light of the degree of diligence by the government and acquiescence by the defendant to determine whether sufficient prejudice exists to warrant relief.  *Id*.;  *U.S. v. Beamon*, 992 F.2d 1009, 1012 (9th Cir. 1993).  While there is not an established time period that automatically constitutes undue delay (*Barker*, 407 U.S. at 530), in *Doggett v. U.S.*, the Supreme Court determined that such delay has been found "presumptively prejudicial [as it] approaches one year."  *Doggett*, 505 U.S. at 652 n.1.; *see also Beamon*, 992 F.2d at 1014 (noting that the seventeen and twenty-month delays in that case were only five to eight months longer than the one-year benchmark that triggers the speedy trial inquiry under *Barker v. Wingo*); *U.S. v. Vassell*, 970 F.2d 1162, 1164 (2d Cir. 1992) (finding a general consensus that around eight months is presumptively prejudicial).

Here, petitioner initially appeared in court on March 28, 2007 (ex. 2).  He was indicted on June 8, 2007 (ex.'s 5, 6).  His trial commenced on October 29, 2007 (ex. 40).  Just over seven months passed between petitioner's initial appearance and the start of his trial.  Less than five months passed between the date of petitioner's indictment and the start of trial.  The delay of less than five months between the date of petitioner's indictment and the commencement of trial is not presumptively

1   prejudicial.   Absent presumptive prejudice, this court need not consider the other *Barker* factors.

2   *Doggett*, 505 U.S. at 651-652.

3          The court further notes that even if it considered the remaining *Barker* factors, ground

4   2 still fails.  The record reflects the following: petitioner was indicted on June 8, 2007 (ex. 6).  His trial

5   was set for July 30, 2007 in accordance with his assertion of his speedy trial rights.  On July 26, 2007,

6   the July 30 trial date was vacated and trial was re-set for August 27, 2007 because stand-by counsel had

7   been confirmed that day and could not be ready to effectively assist petitioner with less than four days'

8   notice (*see* ex. 20).  The state and petitioner (defendant) were ready to proceed to trial on August 23,

9   2007, the calendar call date for the August 27 trial.  However, the court's calendar was congested with

10   older or more serious matters, and the court determined that the case was not overflow eligible.  The

11   soonest date the court could find to accommodate the trial was October 22, 2007 (ex. 23).

12          Petitioner claims that prejudice must be presumed and alleges that he suffered prejudice

13   because "it is no doubt much too late to recover the mini mart videotape which should have been

14   obtained by the police," and "employees of the mini mart who might have testified [have] no doubt gone

15   on to other employments [sic] and would be difficult if not impossible to find, and then would probably

16   not remember what the two men in the mini mart in March of 2007 looked like."

17   With respect to the corresponding claim on direct appeal, the Nevada Supreme Court concluded:

18           [Petitioner] has failed to demonstrate that he was prejudiced by the
        approximately three-month delay to the start of his trial .  Further,

19           stand-by counsel, Langford, was appointed with only four days' notice
        and required additional time to familiarize himself with the case.

20           Therefore, we conclude that [petitioner's] constitutional right to a
        speedy trial was not violated

21   ex. 72 at 4-5.

22          The court agrees that even if it considered the remaining *Barker* factors the record

23   demonstrates that the Nevada Supreme Court reasonably determined that petitioner did not demonstrate

24   that he suffered prejudice from the delayed trial.  Petitioner declined appointed counsel (*see, e.g.*, ex.

25   23 at 3, 8).  He never sought to obtain any mini mart videotape or to have any employees called as

26   witnesses.  At trial, petitioner questioned officers and detectives as to why they had not obtained the

videotape or interviewed any witnesses at the scene, which allowed him to challenge their credibility (*see, e.g.*, ex. 40 at 47-48; ex. 41 at 25).  Court overcrowding was one reason for the delay of the start of trial, and the court's accommodation of petitioner's request for stand-by counsel was another.  The Nevada Supreme Court reasonably affirmed the state court's denial of this ground for relief on the basis that petitioner failed to show he suffered prejudice from the delay of his trial.  Accordingly, ground 2 is denied.

### C.  Ground 3

Petitioner claims the following: the prosecutor's misconduct in presenting petitioner to the grand jury in shackles and getting him to waive his privilege against self-incrimination under false pretenses that he was only appearing as a witness violated petitioner's Fifth and Fourteenth Amendment rights (ECF #1 at 7).

Respondents argue that the Nevada Supreme Court reasonably concluded that any alleged errors with respect to the grand jury were rendered non-prejudicial once petitioner was convicted by a jury (ECF #24 at 8-9).

The U.S. Supreme Court has held that even if a petitioner demonstrates error during grand jury proceedings, such error does not warrant automatic reversal of a conviction.  *U.S. v. Mechanik*, 475 U.S. 66, 73 (1986).  Rather, such errors are rendered non-prejudicial once a trial jury has reached a verdict of guilt.  *Id*. at 70-71.  A grand jury is convened in order to determine whether probable cause exists to force a criminal defendant to suffer the hardship of a criminal trial.  Because a trial jury is tasked with determining actual guilt, once a trial jury has found guilt beyond a reasonable doubt, it is presumed that any error during the grand jury proceedings was harmless beyond a reasonable doubt.  *Id*. The Ninth Circuit Court of Appeals recently reiterated that errors in grand jury proceeding are typically harmless once a guilty verdict is rendered.  *U.S. v. Navarro*, 608 F.3d 529, 538-539 (9th Cir. 2010).

The Nevada Supreme Court affirmed the district court's denial of this claim, reasoning that

> This court has stated that '[a]ny irregularities which may have occurred in the . . . grand jury proceeding were cured when [the defendant] . . .

was tried and his guilt determined under the higher criminal burden of proof.' *Echavarria v. State*, 839 P.2d 589, 596 (Nev. 1992); *see also United States v. Mechanik*, 475 U.S. 66, 71-73 (1986); *Dettloff v. State*, 97 P.3d 586 (2004) (concluding that "the jury convicted Dettloff under a higher burden of proof[, which] cured any irregularities that may have occurred during the grand jury proceedings").

In this case, any irregularities which may have occurred during the grand jury proceeding were cured when [petitioner] was ultimately found guilty beyond a reasonable doubt of the charges listed in the indictment. Further, the State claims that [petitioner] was not asked to testify at the grand jury proceeding and, accordingly, was not subpoenaed; instead, more than two weeks before the grand jury convened, [petitioner] wrote to the Clark County District Attorney's Office and stated, "I Michael Edward Clark would like to testify before the Grand Jury on the scheduled proceeding of the Grand Jury." At the grand jury proceeding, [petitioner] testified that he signed a written waiver of constitutional privilege against self-incrimination, pursuant to NRS 172.241(1), which he stated he had read and understood. Therefore, we conclude that the prosecutor did not commit misconduct in this regard

ex. 72 at 5-6.

The record further reflects that upon entering the grand jury room, the foreperson advised petitioner that he was at the grand jury "to give testimony in an investigation pertaining to the offenses of conspiracy to violate the controlled substance act, sales of a controlled substance, possession of a controlled substance with intent to sell involving Michael Edward Clark and Franklin West" (ex. 5 at 9). Prior to testifying, petitioner signed a written waiver of his constitutional privilege against self-incrimination (*id*. at 10). During his testimony, petitioner never indicated he thought that the grand jury had been called only to review allegations against his co-defendant, nor at any point did he object to appearing in shackles.

Moreover, even assuming, *arguendo*, that any error occurred during the grand jury proceeding, any such error was rendered harmless by the subsequent guilty verdict. The grand jury concluded that probable cause existed to indict petitioner. Once the trial jury found guilt beyond a reasonable doubt–a higher burden of proof–it is presumed that any error during the grand jury proceedings was not prejudicial. This court agrees that the Nevada Supreme Court applied the appropriate federal constitutional standard and reasonably affirmed the denial of the state claims that correspond to federal ground 3. Accordingly, ground 3 is denied.

8

1    Thus, both of the remaining grounds of the petition, grounds 2 and 3 are denied.  As such,

2    the petition is denied in its entirety.

3    **III.  Certificate of Appealability**

4    In order to proceed with an appeal, petitioner must receive a certificate of appealability.

5    28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-51

6    (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a

7    petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a

8    certificate of appealability.  *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

9    (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's

10   assessment of the constitutional claims debatable or wrong."  *Id.* (*quoting Slack*, 529 U.S. at 484).  In

11   order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are

12   debatable among jurists of reason; that a court could resolve the issues differently; or that the questions

13   are adequate to deserve encouragement to proceed further.  *Id.*  This court has considered the issues

14   raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of

15   appealability, and determines that none meet that standard.  The court will therefore deny petitioner a

16   certificate of appealability.

17   **IV.  Conclusion**

18   **IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus (ECF #1)

19   is **DENIED IN ITS ENTIRETY**.

20   **IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT**

21   accordingly and close this case.

22   **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**

23   **APPEALABILITY.**

24   Dated this _____19th_____ day of February, 2013.

25

26

_____
UNITED STATES DISTRICT JUDGE

9